NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Bankruptcy Case No. 10-25451 |
|  | : |  |
| Phillip Gordon Brazer and Dana Lynne Brazer | : | Chapter 13 |
|  | : |  |
| Debtor | : |  |
|  | : | **MEMORANDUM OPINION** |
|  | : |  |
|  | : | Evidentiary Hearing – April 28, 2011 |

### APPEARANCES

Attorneys for Debtor
Thaddeus R. Maciag, Esquire
Maciag Law, LLC
991 U.S. Route 22 West – Suite 200
Bridgewater, New Jersey 08807

Attorney for Bank of America, N.A.
Frank J. Martone, Esquire
Law Offices of Frank J. Martone
1455 Broad Street
Bloomfield, New Jersey 07003

<u>Procedural History</u>

On May 19, 2010 Phillip Gordon Brazer and Dana Lynne Brazer (the "Debtors") filed a voluntary Chapter 13 petition.  On June 28, 2010 the Debtors filed a Chapter 13 plan (the "Plan"), which listed their residence at located at 399 East Mountain Road, Hillsborough, NJ 08844 (the "Property").  Secured Creditor, Bank of America ("BofA") filed an objection to plan confirmation on September 13, 2010 disputing the value of the Property.  The BofA objection included an appraisal of the Property filed with this Court on April 6, 2011.  The Debtors filed with the Court documentation in support of plan confirmation on November 30, 2010, which also included an appraisal of the Property.  The Court held a valuation hearing to determine the value of the Property on April 28, 2011.  This opinion represents the Courts judicial valuation pursuant to 11 U.S.C. § 506(a).

<u>Factual Background</u>

Schedule A on the Debtor's Chapter 13 petition and the Plan values the Property at $435,600.  The Debtors provided the Court with an appraisal of the Property that valued it at $530,000 and BofA submitted an appraisal valuing the Property at $610,000.  Details from both appraisals are provided below.  The Property has the following characteristics: (1) a 3.86[1] acre lot; (2) gross living area of 4,624; (3) 28 years old; and (4) 11 total rooms (5 bedrooms, 4.5 bathrooms).

1.  <u>The Debtors Appraisal</u>

The Debtor's appraisal takes a slightly negative outlook of aggregate real estate market conditions.  This appraisal indicates that surrounding the neighborhood of the Property is slow growth, declining property values, an oversupply of housing, and will require a marketing time

---

[1] The court is relying on debtor's appraisal, which indicates that the lot is 3.86 acres, even though the BofA appraisal indicates that the lot is 3.56 acres.

of 3-6 months.  In re Brazer, No. 10-25451 (Bankr. D.N.J. Nov. 30, 2010), ECF No. 21.  The

report notes that market conditions affecting the subject property's general submarket area

indicates stable growth rate, and decreased sales activity resulting in increasing inventory of

unsold homes, which is attributable to a combination of a low consumer confidence and current

economic climate.  Id.

The Debtor's appraisal compares the Property to four different properties in

Hillsborough.  The first comparable ("Debtors #1") had the following notable characteristics: (1)

same street as the Property; (2) recent sale price of $445,000; (3) $212.92 per square foot; (4) 3

acres; (5) 37 years old; (6) 8 total rooms (4 bedrooms, 2 bathrooms); and (7) gross living area of

2,090 square feet.  The second comparable ("Debtors #2") had the following characteristics: (1)

1.22 miles from the Property; (2) recent sale price of $490,000; (3) sale price of $200.82 per

square foot; (4)  1.13 acres of property; (5) 43 years old; (6) 9 total rooms (4 bedrooms, 3.5

bathrooms); and (7)  2,440 square feet.  The third comparable ("Debtors #3") had the following

characteristics: (1) 3.94 miles away from the Property; (2) recent sale price of $600,000; (3) sale

price of $158.44 per square foot; (4) 3.35 acres of property; (5) 50 years old; (6) 10 total rooms

(4 bedrooms, 3 bathrooms); and (7) 3,787 square feet.  The fourth comparable ("Debtor's #4")

had the following characteristics: (1) is on the same street as the property; (2) recent sale price of

$460,000; (3) recent sale price of $283.43 per square foot; (4) 1 acre of property; (5) 25 years

old; (6) 7 total rooms (3 bedrooms, 3 bathrooms); and (7) 1,623 square feet.  Each comparable

made adjustments for the characteristics that materially differed from the Property.

2.  The BofA Appraisal

The BofA appraisal has a more positive outlook on the housing market.  The report states that "property values appear to be nearing a bottom in the subject market area but whether or not the bottom holds remains to be seen depending on significant economic concerns in the local, national, and global economy."  In re Brazer, No. 10-25451 (Bankr. D.N.J. Sept 13, 2010), ECF No. 18.  The report describes the Property as "located in a neighborhood of mainly single family dwellings [and] [t]he [Property] is in close proximity to major amenities.

The BofA appraisal compared the Property to five different properties located in Hillsborough.  The first comparable ("BofA #1") had the following characteristics: (1) 5.41 miles from the Property; (2) sale price of $670,000; (3) $143.53 per square foot; (4) 0.48 acre lot; (5) 15 years old; (6) 13 total rooms (5 bedrooms, 3.5 bathrooms); and (7) 4,668 square feet.  The second comparable ("BofA #2") had the following characteristics: (1) 3.79 miles from the Property; (2) sale price of $530,000; (3) $153.89 per square foot; (4) 0.61 acre lot; (5) 23 years old; (6) 9 total rooms (4 bedrooms, 2.5 bathrooms); and (7) 3,444 square feet.  The third comparable ("BofA #3") had the following characteristics: (1) 3.14 miles from the Property; (2) sale price of $610,000; (3) $148.78 per square foot; (4) 3 acre lot; (5) 10 years old; (6) 11 total rooms (4 bedrooms, 2.5 bathrooms); and (7) 4,100 square feet.  The fourth comparable ("BofA #4") had the following characteristics: (1) 4.05 miles from the Property; (2) sale price of $659,000; (3) 0.79 acres; (4) $154.80 per square foot; (5) 12 years old; (6) 11 total rooms (5 bedrooms, 3.5 bathrooms); and (7) 4,263 square feet.  Finally, the fifth comparable home ("BofA #5") had the following characteristics: (1) 1.97 miles from the Property; (2) sale price of $720,000; (3) $179.82 per square foot; (4) $179.82 per square foot; (5) 14 years old; (6) 15 total rooms (5 bedrooms, 4.5 bathrooms); and (7) 4,004 square feet.

<u>Legal Analysis</u>

The Court may determine the value of a claim secured by a lien on property in which the estate has an interest[2] on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.  Fed. R. Bankr. P. 3012.  "Such value shall be determined . . . in conjunction with any hearing . . . on a plan affecting such creditor's interest."  <u>Nobelman v. American Sav. Bank</u>, 508 U.S. 324, 328-329 (U.S. 1993)(citing 11 U.S.C. § 506(a)).  The valuation of property in a reorganization plan "must be undertaken on a case by case basis, taking account of the particular property and the circumstances of each case."  <u>First Brandon Nat'l Bank v. Kerwin</u> (<u>In re Kerwin</u>), 996 F.2d 552, 560 (2d Cir. 1993) (citing In re Owens, 120 B.R. 487 (Bankr. E.D. Ark. 1990)).  In New Jersey, "[s]elling price is 'a guiding indicium of fair value.'"  <u>Pansini Custom Design Assoc's., LLC v. City of Ocean City</u>, 407 N.J. Super. 137 (App.Div. 2009) (citing <u>Hackensack Water Co. v. Div. of Tax Appeals</u>, 2 N.J. 157 (1949)).  In addition, the "proposed disposition or use" of the Property is "of paramount importance to the valuation question."  <u>United States v. Donato</u> (<u>In re Donato</u>), 253 B.R. 151, 155 (M.D. Pa. 2000)(citing <u>Assoc.'s Commercial Corp. v. Rash</u>, 520 U.S. 953, 962 (1997)).  Since the Property will remain as a residence, the Court agrees that comparing it to other properties in Hillsborough is appropriate.

The comparables used by BofA all indicate a higher value than proposed by the Debtor.  Four of the five comparable properties used by the BofA appraisal were in or adjacent to traditional neighborhoods, rather than in rural areas.  This is a reflection of BofA's position that

---

[2] The Bankruptcy Code provides, in relevant part, "(a) (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest….is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property….and is an unsecured claim to the extent that the value of such creditor's interest….[to] be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting creditor's interest."  See 11 U.S.C. §506(a).

the Property is located in a "neighborhood." In re Brazer, No. 10-25451 (Bankr. D.N.J. Sept 13,

2010), ECF No. 18.  In contrast, three out of the four comparables provided by the Debtor's

appraisal were in rural areas, similar to the Property.  Debtor's #1 and #2 are located in areas that

are most similar to the Property in that they are in rural areas and on the same street.

The Debtors appraisal values the Property at $530,000 and BofA values the Property at

$610,000.  The Court finds the difference in valuations of the Property, which is $80,000

between the two appraisal results from several differences between the appraisals.  Thus, the

Court will begin with the BofA appraisal valuation and make adjustments accordingly.

The Debtors appraisal characterizes the Property as rural, which decreases the value by

$10,000.  The Court agrees with this characterization because as testified by the Debtor the

Property is in the middle of the Sourland Mountain Preserve.  The Property is supported by

septic and well, a factor not considered by the BofA appraiser and requiring a $5,000 adjustment.

The BofA appraisal also lists the Property as having a four car garage, which the BofA

appraisal values at $8,000.  Since the Property only has a two car garage, the $8,000 premium

added by the BofA appraisal to the comparables is inaccurate.  The Court also agrees with an

adjustment that was not made by the BofA appraisal, but was made by debtors appraisal, which

is an average sales or financing concession per comparable of $17,500.  The BofA appraisal

makes no adjustment for the age of the comparables, while the debtors appraisal discounts each

comparable at an average rate of $851 per year.  The Court agrees with this rate, which would

discount the BofA final value by $11,914, based on an average age difference between the

Property and the BofA comparables of 14 years.

The Court finds that the proper valuation of the Property may be reached by adjusting the

BofA valuation by the aforementioned amounts.  Thus, the Court started from the BofA appraisal

valuation of $610,000 then adjusted: (1) down by $10,000 because the Property is rural; (2) down by $8,000 because the Property has a two car garage; (3) down $5,000 due to septic and well comparable; (4) down by $17,500 for sales or financing; and (5) down by $11,914 for the age of the comparables.  Accordingly, the Court values the Property at $557,586.

<u>Conclusion</u>

The Court values the Debtors Residence at 399 East Mountain Road, Hillsborough, NJ at $557,586 for the purposes of this Chapter 13 proceeding.  This valuation was reached pursuant to Fed. R. Bankr. P. 3012 and 11 U.S.C. § 506(a).

Debtors counsel shall submit form of judgment consistent with this pinion.

*<u>/s/ Kathryn C. Ferguson</u>*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated:  June 1, 2011